# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD MULIEK KEARNEY,

        Petitioner,

    v.

BARRY SMITH, *et al.*,

        Respondents.

No. 4:21-CV-01636

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 22, 2022

Petitioner Richard Muliek Kearney filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks to overturn his 2012 convictions in the Court of Common Pleas of Fulton County, Pennsylvania. Because Kearney cannot satisfy the stringent requirements for habeas corpus relief, the Court will deny his Section 2254 petition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Kearney's case involves four state-court criminal actions stemming from events that occurred in February and June 2011.[1]  The two relevant cases for the instant petition are docket numbers CP-29-CR-0000226-2011 (referred to hereinafter as "226-2011") and CP-29-CR-0000227-2011 (referred to hereinafter

---

[1]    Doc. 1-2, *Commonwealth v. Kearney*, Nos. 211-2011, 223-2011, 226-2011, 227-2011, at 1 (Pa. Ct. Com. Pl. Fulton Cnty. Jan. 27, 2020) [hereinafter "PCRA Court Op."].  For clarity, the Court will cite to the page numbers of the PCRA court opinion itself rather than the CM/ECF electronic pagination.

as "227-2011").  Kearney's habeas claims primarily involve his convictions and sentence in 227-2011.

The Court need not delve into the myriad factual issues surrounding the numerous crimes for which Kearney was charged and convicted in the four different criminal actions.  That is because Kearney's habeas claims principally involve procedural issues that long preceded his trials and convictions.  For the criminal action at issue—227-2011—Kearney was tried before a jury on April 26, 2012, and convicted the same day.[2]  His offenses of conviction consist of unlawful possession of a firearm, possession of a firearm without a license, and two counts each of criminal coercion, terroristic threats, unlawful restraint, and simple assault.[3]

Kearney was ultimately convicted in his other criminal cases by either jury or bench trial.[4]  For the convictions in criminal actions 226-2011 and 227-2011, the trial court imposed an aggregate sentence of 204 to 408 months' incarceration.[5]  On direct appeal, the Superior Court of Pennsylvania *sua sponte* consolidated the four cases and affirmed the judgments and sentences.[6]

---

[2]   PCRA Court Op. at 1.
[3]   *Id.*
[4]   *Id.* at 1-2.
[5]   *Id.* at 2.
[6]   *See Commonwealth v. Kearney*, 92 A.3d 51, 54-55 (Pa. Super. Ct. 2014).

In 2015, Kearney filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"),[7] the state's corollary to federal habeas relief. After nearly five years' delay caused by multiple amended PCRA petitions, several evidentiary hearings, and changes of representation status (Kearney ultimately ended up proceeding *pro se*), the PCRA court issued an opinion granting and denying relief.[8] The PCRA court granted relief only with respect to an *Alleyne v. United States*[9] challenge to Kearney's sentences for cases 226-2011 and 211-2011.[10] All of Kearney's other claims for relief were denied.[11]

On appeal, Kearney proffered six arguments,[12] which largely mirror the claims he raises in the instant Section 2254 petition.[13] On April 21, 2021, the Superior Court rejected Kearney's claims and affirmed the PCRA court.[14]

Kearney filed his Section 2254 petition in this Court in September 2021.[15] The petition did not become fully briefed until May 2022, when Kearney—after several extensions of time—filed a sprawling 92-page reply brief with nearly 200 pages of exhibits attached. Kearney's brief is long on verbiage but short on

---

[7]   42 PA. CONS. STAT. § 9541 *et seq.*
[8]   PCRA Court Op. at 3-5.
[9]   570 U.S. 99 (2013).
[10]  *See* PCRA Court Op. at 3.
[11]  *Id.* at 26-27.
[12]  *See Commonwealth v. Kearney*, 253 A.3d 267, 2021 WL 1328562, at *2 (Pa. Super. Ct. Apr. 9, 2021) (nonprecedential).
[13]  *See* Doc. 1-1 at 1-2.
[14]  *Kearney*, 2021 WL 1328562, at *1.
[15]  Doc. 1.

substance, and he ultimately fails to establish a right to relief under the stringent requirements of Section 2254.

## II.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[16] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[17]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[18]

When a claim is properly exhausted and then raised on federal habeas review, the level of deference afforded to the state court decision is substantial.[19] The AEDPA "does not 'permit federal judges to . . . casually second-guess the decisions of their state-court colleagues or defense attorneys.'"[20]  Accordingly, under Section 2254(d), federal habeas relief is unavailable for exhausted claims unless the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or

---

[16]   28 U.S.C. §§ 2241–2254.

[17]   *Id.* § 2254(b)(1)(A).

[18]   *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

[19]   *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom.*, *Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.).

[20]   *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 543 (3d Cir. 2014) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[21] An unreasonable application of Supreme Court precedent includes situations where "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case."[22]

This is an intentionally difficult standard to meet.[23]  Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" clearly established Supreme Court precedent.[24]  Thus, to obtain federal habeas relief on an exhausted claim, a state prisoner must demonstrate that the state court's ruling on the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[25]

Finally, if a state court has ruled on the merits of a claim, a federal habeas petitioner generally must meet Section 2254(d)'s requirements "on the record that was before that state court."[26]  Absent compelling circumstances,[27] district courts

---

[21] 28 U.S.C. § 2254(d).
[22] *White v. Woodall*, 572 U.S. 415, 425 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).
[23] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
[24] *Id.*
[25] *Id.* at 103.
[26] *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (footnote omitted).
[27] *See* 28 U.S.C. § 2254(e)(2).

cannot supplement the existing state-court record for claims adjudicated on the merits.[28]  "Otherwise, federal habeas petitioners would be able to circumvent the finality of state court judgments by establishing a new factual record" on federal habeas review.[29]

## III.   DISCUSSION

Kearney raises five claims for relief in his Section 2254 petition.  His first three claims are interrelated and involve the initiation of criminal action 227-2011. Kearney contends that, for various reasons, his due process rights were violated, indelibly tainting the eventual convictions in that case.  His last two claims assert ineffective assistance of counsel.  None of Kearney's claims have merit.

### A.   Due Process Challenges

Like the state courts acknowledged, Kearney's due process claims are interrelated and cannot be reviewed in isolation.  And they require some factual background.

Kearney admits that he was already incarcerated on other charges when the criminal process was initiated in Magisterial District Court for criminal case 227-2011 (Magisterial District Court Docket No. MJ-39401-CR-34-2011, hereinafter CR-34-2011).[30]  It appears that the local public defender had been appointed to

---

[28] *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011).
[29] *Id.*
[30] *See* Doc. 29 at 30.

6

represent Kearney on at least one other criminal matter but moved to withdraw based on a conflict of interest.[31]

On July 19, 2011, Common Pleas Judge Shawn D. Meyers signed an order appointing Breschi & Associates to represent Kearney, which order was filed on July 25, 2011.[32]  This order was captioned only with a typewritten "offense tracking number" or "OTN," as Kearney's multiple criminal cases were still before the Magisterial District Court, no preliminary hearings had been held, and the cases had not yet been bound over to the Court of Common Pleas.[33]  During a PCRA evidentiary hearing, the Clerk of Courts for Fulton County testified that, when the cases were bound over to the Court of Common Pleas, she handwrote all four criminal action numbers (211-2011, 223-2011, 226-2011, and 227-2011) on this July 19, 2011 order.[34]

On July 29, 2011, Breschi & Associates sent a letter to Magisterial District Judge Wendy Mellott, seeking a continuance for a hearing scheduled for August 1, 2011.[35]  That letter contained the Magisterial District Court docket numbers for four of Kearney's cases: Nos. CR-80-2011, CR-34-2011, CR-32-2011, and CR-28-2011—with CR-34-2011 being the at-issue docket number.[36]

---

[31]   *See* PCRA Court Op. at 6.
[32]   *Id.*; *see also* Doc. 29-1 at 8.
[33]   PCRA Court Op. at 6; Doc. 29-1 at 8.
[34]   PCRA Court Op. at 6.
[35]   Doc. 29-1 at 6.
[36]   *Id.*

It is this July 19 order and July 29 letter that largely constitute the basis for Kearney's due process claims. According to Kearney, he had no knowledge of case number 227-2011/CR-34-2011 until two months later when he received notice of the upcoming preliminary hearing.[37] Kearney avers that this criminal action was commenced against him without probable cause,[38] an arrest warrant, or a summons—in violation of the Pennsylvania Rules of Criminal Procedure— essentially because counsel (Breschi & Associates) had been erroneously appointed without his knowledge or request and had "waived" Kearney's right to challenge initiation of the action when they moved for a continuance.[39] Kearney claims that the absence of these "Constitutional safeguards" invalidates his conviction on case 227-2011.

Kearney's due process claims were fully exhausted in state court.[40] Accordingly, this Court's deference to the state court's adjudication is substantial.[41] Kearney is entitled to relief only if he can show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[42] Kearney has not made this showing.

---

[37] *See* Doc. 1-1 at 3; *Kearney*, 2021 WL 1328562, at *5.
[38] Kearney claims the affidavit of probable cause was unsworn. *See* Doc. 1-1 at 2.
[39] *See* Doc. 1-1 at 3.
[40] *See generally Kearney*, 2021 WL 1328562, at *2-6.
[41] *Bey*, 856 F.3d at 236.
[42] *Harrington*, 562 U.S. at 103.

The Superior Court of Pennsylvania adeptly addressed each of Kearney's due process claims.  As to subject matter jurisdiction to prosecute (Kearney's Ground 3 in the instant petition), the Superior Court found that Kearney had received notice of the preliminary hearing and that the preliminary hearing was properly held.[43]  Kearney was formally arraigned after the hearing and was also provided an information, statement of rights, and bill of particulars.[44]  These procedural protections provided Kearney with the due process that was required to proceed to trial and ultimately to convict him.[45]  Indeed, any issue that Kearney had with, for example, counsel being appointed for case 227-2011 without his request, not being provided an arrest warrant, or the affidavit of probable cause being unsworn could have been presented at the preliminary hearing.

The Superior Court further determined that, even if certain state Rules of Criminal Procedure had been violated or early-stage procedural irregularities existed (Kearney's Ground 1), those violations did not "equate to a defect in jurisdiction or due process."[46]  The panel noted that, absent prejudice to a criminal defendant, such defects can be remedied, and Kearney had failed to establish how he had been prejudiced by the issues complained of regarding the commencement

---

[43] *Kearney*, 2021 WL 1328562, at *4-5.
[44] *Id.*, at *5.
[45] *Id.*
[46] *Id.*, at *6.

of criminal case 227-2011.[47]

There is, quite simply, nothing in the Superior Court's opinion that is contrary to, or which unreasonably applies, federal law. All the various procedural defects Kearney alleges involve issues that are remedied by his preliminary hearing, information, bill of particulars, arraignment, and trial. Due process under the Fourteenth Amendment generally requires notice, a meaningful opportunity to defend oneself against the offenses charged, and a jury finding of guilt beyond a reasonable doubt.[48] Kearney undoubtedly received these procedural protections.

Moreover, as noted by the Superior Court, Kearney did not establish, and still has not established, how he was prejudiced such that the procedural defects he alleges should result in the extreme measure of overturning multiple convictions reached by jury verdict. Kearney spends a great amount of time arguing that he should have been provided better notice so that he could have corrected the clerical

---

[47] *Id.* As for Kearney's Ground 2, that claim is not cognizable in federal court. In that ground, Kearney asserts that the state court "failed to correct the July 19, 2011 Order . . . which deprived Petitioner from showing a true and correct depiction of the record in order to render the proceedings that transpired thereafter a nullity." Doc. 1-1 at 2. This type of claim of state-court error does not implicate a constitutional or federal right and is therefore beyond the habeas jurisdiction of this Court. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). To the extent that Ground 2 raises other procedural defects, those defects do not entitle Kearney to habeas relief, as further explained above.

[48] *Jackson v. Virginia*, 443 U.S. 307, 314 (1979); *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson*, 443 U.S. at 314-15); *see also Frisbie v. Collins*, 342 U.S. 519, 522 (1951) ("[D]ue process of law is satisfied when one present in court is convicted of a crime after having been fairly appri[s]ed of the charges against him and after a fair trial in accordance with constitutional procedural safeguards.").

errors or the allegedly erroneous appointment of counsel,[49] but he fails to explain how the outcome of his criminal proceedings might have been different if the state-court procedural violations had not occurred.[50]  That is because Kearney received the constitutional protections required by the Due Process Clause at subsequent stages of his criminal prosecution (*i.e.*, preliminary hearing, information, bill of particulars, formal arraignment, and jury trial).[51]

### B.    Ineffective-Assistance-of-Counsel Claims

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in *Strickland v. Washington*.[52]  To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.[53]  The defendant bears the burden of proving both prongs.[54]

---

[49]   *See, e.g.*, Doc. 29 at 24-26.

[50]   At one point in his reply brief, Kearney claims—without any legal foundation—that case 227-2011 would have been dismissed with prejudice because the "collective acts of the Fulton County Court" and its officers called into question that court's jurisdiction and integrity.  Doc. 29 at 50.  The Court finds this argument both unpersuasive and legally baseless.

[51]   Kearney at times argues that the procedural defects were "structural" errors, but he is incorrect. A structural defect exists when there is a constitutional violation that affects "[t]he entire conduct of the trial from beginning to end."  *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991). Examples of such rare and serious constitutional violations include the total deprivation of the right to counsel and trial before a judge who is not impartial.  *Id.* at 310.  The defects Kearney repeatedly complains of do not constitute structural errors that require the reversal of his convictions.

[52]   466 U.S. 668 (1984).

[53]   *Strickland*, 466 U.S. at 687-88.

[54]   *See id.* at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.[55] There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.[56] Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."[57]

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.[58] The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.[59]

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed. The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable."[60] Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the

---

[55] *Id.* at 689.

[56] *See United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989).

[57] *Id.* at 711 (citing *Strickland*, 466 U.S. at 689-90).

[58] *Strickland*, 466 U.S. at 694.

[59] *See id.* at 697; *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008).

[60] *Richter*, 562 U.S. at 101 (emphasis added); *Collins*, 742 F.3d at 547-48.

state court's decision," a state court's determination that a *Strickland* claim lacks merit precludes federal habeas relief.[61]

Kearney raises two claims of ineffective assistance of counsel. He first asserts that his trial counsel was constitutionally ineffective for failing to raise a jurisdictional challenge based on his claim "of never being formally charged before criminal proceedings were instituted against him."[62] He also alleges that his trial counsel was ineffective for failing to verify the accuracy of his offense gravity score for the firearms charges at sentencing.[63] Both claims have been exhausted, and neither warrants relief.

Kearney's first claim requires only a brief discussion. He essentially argues that his trial attorney was ineffective for failing to raise the purported procedural defects in the commencement of case 227-2011. The Superior Court found that this claim fails because Kearney cannot show prejudice.[64] This determination was a reasonable application of *Strickland*.

As the Superior Court explained, even if successful challenges were made prior to or at the preliminary hearing, it would "not preclude the Commonwealth from re-filing charges and beginning the process anew."[65] Kearney has presented

---

[61]   *Richter*, 562 U.S. at 101, 105 (citation omitted).
[62]   Doc. 1-1 at 2.
[63]   *Id.*
[64]   *Kearney*, 2021 WL 1328562, at *6 & n.17.
[65]   *Commonwealth v. Stultz*, 114 A.3d 865, 881 (Pa. Super. Ct. 2015); *see also Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013) (explaining that after a criminal defendant has been tried

no persuasive evidence or argument that, had the serious charges he was facing been dismissed due to early procedural missteps, the Commonwealth would not have simply refiled the charges to correct those deficiencies.[66]  Accordingly, the state court's determination on this ineffectiveness claim was not unreasonable.

Kearney's second ineffectiveness claim alleges that his attorney was deficient for failing to challenge the state court's sentencing guidelines' calculation.  He argues that the sentencing court—without sufficient evidence—found that the gun at issue was loaded and thereby improperly increased his offense gravity score, and that his attorney was deficient for failing to challenge this determination.

The Superior Court held that the facts, as found by the sentencing court (and PCRA court), were sufficient to find that the handgun at issue was loaded.[67]  Thus, the Superior Court concluded, Kearney's trial counsel could not have been ineffective for failing to raise a meritless objection to the sentencing court's calculations.[68]  This determination was also a reasonable application of *Strickland*.

Even if, as Kearney claims, his trial counsel's performance fell below an objectively reasonable standard, Kearney cannot establish prejudice.  Kearney

---

and found guilty of the crime or crimes charged, "any defect in the preliminary hearing is rendered immaterial").

[66]  *See Stultz*, 114 A.3d at 881; *see also* PA. R. CRIM. P. 544(A) (providing procedure for re-filing of charges after dismissal or withdrawal at, or prior to, preliminary hearing).

[67]  *Kearney*, 2021 WL 1328562, at *6-7.

[68]  *Id.*, at *7.

argues that the state courts "relied upon the limited testimony of Ashley Ramp to sustain the higher [offense gravity score]," and that this testimony was unreliable.[69] But Kearney's assertion is incomplete. The Superior Court, like the sentencing and PCRA court, relied on evidence from *three* different witnesses.[70] Specifically, victim Tabetha Mellot testified that the silver handgun presented at trial was the gun Kearney had pointed at her in her home, and Trooper Rush testified that the "silver handgun identified by the witnesses contained a magazine with bullets when obtained by the police."[71] As the Superior Court explained, this circumstantial evidence was sufficient to find that the handgun was loaded, thus implicating a higher offense gravity score. Consequently, even if Kearney's attorney had objected to the sentencing court's calculations, that objection would have been meritless. Kearney cannot show prejudice, and therefore the Superior Court's determination on this *Strickland* claim was reasonable.

---

[69]  Doc. 29 at 57.
[70]  *Kearney*, 2021 WL 1328562, at *6.
[71]  *Id.* (citing PCRA Court Op. at 5-6).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Kearney's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court will likewise deny a certificate of appealability, as Kearney has failed to make a substantial showing of the denial of a constitutional right.[72]  An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[72]   _See_ 28 U.S.C. § 2253(c)(2).